DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Vermilion Municipal Court, which denied appellant's motion to continue trial near the conclusion of appellant's pro se red light traffic offense trial. Appellant was found guilty of the traffic offense of running a red light, in violation of local ordinance 414.01. Appellant was fined $50 and court costs *Page 2 
were imposed. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Robert P. Day, sets forth the following two assignments of error:
 {¶ 3} "First Assignment of Error: The Trial Court erred by denying Defendant/Appellant's motion for continuance and for newly discovered evidence regarding the timing and or servicing of city traffic signals.
 {¶ 4} "Second Assignment of Error: The Trial Court erred by denying Defendant/Appellant's motion for continuance in for additional discovery regarding Plaintiff/Appellee's guideline and/or standards for meeting State of Ohio requirements for traffic signals on State Highways."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On April 11, 2008, Patrolman Van Mis of the Vermilion Police Department was on traffic patrol in the late afternoon. Patrolman Mis was patrolling a commercial section of the municipality that had experienced an increased number of red light violations and associated motor vehicle accidents.
 {¶ 6} Patrolman Mis observed appellant run a red light, initiated a traffic stop, and issued appellant a traffic citation for the red light offense. On May 13, 2008, a pro se trial was conducted regarding this traffic violation in the Vermilion Municipal Court. Appellant was found guilty and fined $50 plus court costs. *Page 3 
 {¶ 7} At trial, appellee presented the eyewitness testimony of Patrolman Mis. The officer's testimony, concisely and unambiguously established that appellant had committed the red light traffic offense for which he was charged. Prior to trial, the court carefully questioned appellant and verified both his rights and desire to proceed to trial. Appellant unambiguously confirmed his understanding and desire to proceed to trial.
 {¶ 8} At the conclusion of the state's presentment of its case, appellant conducted a brief cross-examination of Patrolman Mis. The state rested. In presentment of his case, appellant posed two untimely discovery requests in the form of a verbal "motion." In response, the state properly noted the trial was already well underway, requested denial of the "motions," and suggested the trial be continued. The court next took additional testimony from appellant, and then confirmed that appellant had no witnesses to present.
 {¶ 9} The trial court found appellant guilty of the red light violation based upon the eyewitness testimony of Patrolman Mis, denied appellant's motions, and imposed a $50 fine and court costs. Timely notice of appeal was filed.
 {¶ 10} Both of appellant's assignments of error are rooted in the common premise that the trial court erred in denying appellant's motion for continuance. Accordingly, the assignments will be considered simultaneously.
 {¶ 11} The record establishes that appellant never moved the court for a continuance of the trial. On the contrary, the record shows that appellant's two statements to the court framed as motions were, in substance, post hoc requests for *Page 4 
discovery. While the state suggested the possibility of a continuance, the record reveals that no party actually moved the court for a trial continuance. Nevertheless, we will construe appellant's untimely discovery requests, near the conclusion of trial, as inherently containing an implied motion for continuance.
 {¶ 12} The grant or denial of a continuance is a matter that is entrusted to the discretion of the trial court. State v. Lorraine(1993), 66 Ohio St.3d 414, 423. As such, the standard of review we utilize on appellate review of such determinations is abuse of discretion. Lorraine, at 424. See, also, Simpkins v. Simpkins (June 30, 2000), 6th Dist. No. L-99-1112. An abuse of discretion demands more than a mere error of law or judgment. It requires demonstration that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} The record establishes that the trial court carefully verified appellant's understanding of his rights in connection to his pro se red light traffic trial. The record establishes that the trial court carefully verified appellant's desire to proceed to trial and resolve the matter. The record shows that near the conclusion of that trial appellant made several discovery requests, which he characterized as "motions." The record shows that the state of Ohio unambiguously established appellant's violation of local red light ordinance 414.01 through the uncontroverted testimony of Patrolman Mis. Based upon all of the foregoing, we cannot say that the trial court acted unreasonable, arbitrary or *Page 5 
unconscionable in proceeding to verdict and concluding the matter. We find appellant's assignments of error not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Vermilion Municipal Court is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1